IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| LACY HOUGH, | * |
| Plaintiff, | * |
| vs. | * |
| EXPERIAN INFORMATION SOLUTIONS, INC., TRANSUNION, LLC, EQUIFAX, INC., and FIRST LIGHT FEDERAL CREDIT UNION U.S.A., INC. F/K/A Fort Bliss Credit Union | * Case No.: 16-00216 |
| Defendants. | * |

## COMPLAINT

### PRELIMINARY STATEMENT

**COMES NOW**, the Plaintiff, Lacy Hough, by and through the undersigned attorney and states her complaint as follows:

### THE PARTIES

1. Plaintiff is a natural person and is a resident and a citizen of the State of Alabama and of the United States. Plaintiff is a "consumer" as defined by § 1681a(c) of the Fair Credit Reporting Act (hereinafter referred to as "FCRA").

2. First Light Federal Credit Union U.S.A., Inc., (hereinafter referred to as "First Light") is a corporation doing business in Texas.

3. First Light is a furnisher of information as defined in 15 U.S.C. § 1681s-2 of the FCRA and/or a user of consumer credit reports.

4. Equifax, Inc., ("Equifax") is a corporation incorporated under the laws of Georgia. It has its principal place of business in Georgia. It is licensed to do business in Alabama.

1

5. Equifax is a consumer reporting agency as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.

6. Equifax dispenses such consumer reports to third party subscribers for monetary compensation.

7. Experian Information Solutions, Inc., ("Experian") is a corporation. It has its principal place of business in Orange, California.

8. Experian is a consumer reporting agency as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.

9. Experian dispenses such consumer reports to third party subscribers for monetary compensation.

10. TransUnion, LLC., ("TransUnion") is a corporation. It has its principal place of business in Chicago, Illinois. It is licensed to do business in Alabama.

11. TransUnion is a consumer reporting agency as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.

12. TransUnion dispenses such consumer reports to third party subscribers for monetary compensation.

## JURISDICTION

13. This court has jurisdiction over this matter based upon 28 U.S.C. § 1331, because this dispute involves predominant issues of federal law. Defendants are liable to Plaintiff pursuant to the provisions of the "Consumer Credit Protection Act of 1968," 15 U.S.C. § 1601, et seq., as well as other applicable law.

## FACTUAL ALLEGATIONS

14. After the denial of credit, Plaintiff ordered her consumer reports from Defendants Equifax, Experian and TransUnion and after examining the same, Plaintiff learned that Equifax, Experian and TransUnion were reporting false and inaccurate information about her.

15. Adverse information contained in the credit report by Equifax is as follows: First Light, charged off collection account/repossession with a balance of $7,972.00.

16. Adverse information contained in the credit report by TransUnion is as follows: First Light, charged off collection account/repossession with a balance of $7,972.00.

17. Adverse information contained in the credit report by Defendant Experian is as follows: First Light, charged off collection account with a balance of $7,972.00.

18. This information is false because Plaintiff had previously paid the account in full.

19. Plaintiff advised Defendants Equifax, Experian and TransUnion on or about March 6, 2016, of the inaccurate reporting of the First Light account and requested a reinvestigation of the same.

20.     Defendant Equifax reported the results of its reinvestigation on or about March 26, 2016, and failed to correct the First Light Federal Credit Union account.

21.     Defendant Experian reported the results of their reinvestigation on or about March 25, 2016, and failed to remove the First Light account.

22.     Defendant TransUnion reported the results of their reinvestigation on or about March 30, 2016, and failed to remove the First Light account.

23.     Defendants:

(a) Failed to conduct an adequate investigation with respect to the disputed information;

(b) Failed to review all information provided by the consumer; and

(c) Were careless and negligent in the manner in which they carried out any investigation.

## **COUNT ONE**

*(Failure to Comply with § 1681s-2(b) of the Fair Credit Reporting Act)*

24.     This is a count against First Light, for its failure to comply with § 1681s-2(b) of the FCRA.

25.     Plaintiff re-alleges the relevant foregoing paragraphs of this complaint as if fully set out herein.

26.     After receiving notices of the dispute from Equifax, Experian and TransUnion, First Light:

(a)     Failed to conduct an adequate investigation with regard to the disputed information;

4

(b) Failed to review all relevant information provided by the consumer and provided by consumer reporting agencies;

(c) Failed to promptly investigate and report the investigation of the consumer to consumer reporting agencies continued to report the same misleading and inaccurate information complained of above and otherwise violated the FCRA.

**WHEREFORE**, Plaintiff prays for actual damages, statutory damages, punitive damages, costs and attorney fees.

### COUNT TWO

*( FCRA Violations by Equifax TransUnion, and Experian)*

27. This is a count against Defendants Equifax, TransUnion, and Experian for violations of the FCRA and state law.

28. Plaintiff re-alleges the relevant foregoing paragraphs of this complaint as if fully set out herein.

29. Equifax, TransUnion, and Experian issued, assembled, transferred and published "consumer reports," regarding Plaintiff, as defined in the FCRA.

30. Equifax, TransUnion, and Experian have added, stored, maintained and disseminated personal and credit data about the Plaintiff which is false, erroneous and misleading without employing procedures to insure the maximum possible accuracy of the information posted to Plaintiff's consumer report(s).

31. Defendants Equifax, TransUnion, and Experian failed and refused to adequately reinvestigate the disputed account of Plaintiff as required by the FCRA.

32. Defendants Equifax, TransUnion, and Experian failed and refused to send to Defendant First Light all of the information regarding the disputed account that was supplied to them by the Plaintiff.

33. Defendants Equifax, TransUnion, and Experian failed and refused to employ reasonable procedures to timely and properly reinvestigate the accuracy of the erroneous, negative data upon being notified by Plaintiff and/or subscribers that such information was erroneous.

34. Defendants Equifax, TransUnion, and Experian, through their actions and inactions, as described herein, caused great and irreparable injury to Plaintiff.

35. Defendants Equifax, TransUnion, and Experian have continually posted false and harmful information to Plaintiff's consumer reports without requiring a reasonable number of points of correspondence.

36. Defendants Equifax, TransUnion, and Experian failed to invoke necessary functions, procedures or programs designed to insure that false data and/or data attributable to other persons would not post to Plaintiff's consumer report and would be suppressed from appearing on Plaintiff's consumer reports.

37. Defendants Equifax, TransUnion and Experian created, maintained and utilized a credit reporting system which is defective and does not comply with the FCRA or other laws governing Defendants' actions.

38. Defendants Equifax, TransUnion and Experian improperly posted accounts and other data to Plaintiff's credit file(s).

39. In addition to actual or compensatory damages for negligent conduct, Defendants Equifax, TransUnion and Experian are liable unto Plaintiff in a sum to be

assessed by the trier of fact for punitive/exemplary damages under Alabama law, and/or for willful violation(s) of the provisions of the FCRA or other applicable federal and/or state laws.

**WHEREFORE**, Plaintiff prays for actual damages, statutory damages, punitive damages, costs and attorney fees.

**DATED** this the 16th day of May, 2016.

*s/ Earl P. Underwood, Jr.*_____
**EARL P. UNDERWOOD, JR. (UNDE6591)**
Attorney for Plaintiff

**OF COUNSEL:**
**UNDERWOOD & RIEMER, P.C.**
**21 S Section Street**
**Fairhope, Alabama 36532**
**Phone:   251.990.5558**
**Fax:       251.990.0626**
**Email:    epunderwood@alalaw.com**

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY OF THE ISSUES IN THIS CASE.**

*s/ Earl P. Underwood, Jr.*_____
**EARL P. UNDERWOOD, JR. (UNDE6591)**

**DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

**EXPERIAN INFORMATION SOLUTIONS, INC.**
c/o C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

**EQUIFAX, INC**.
c/o Prentice Hall Corporation System, Inc.
150 South Perry Street
Montgomery, Alabama 36104

**First Light FCU U.S.A., INC.**
9983 Kentworthy Street
El Paso, Texas 79924

**TRANSUNION, LLC**
c/o Prentice Hall Corporation System, Inc.
150 South Perry Street
Montgomery, Alabama 36104